DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Charles Workman, appeals from the judgment entry of the Summit County Court of Common Pleas, Domestic Relations Division, which overruled appellant's objections and granted a domestic violence civil protection order to appellee, Mary Williams.[1]
 I. {¶ 2} On October 19, 2004, appellee filed a petition for a domestic violence civil protection order against appellant. Appellee alleged in her petition that appellant was a relative who had lived with her at some time. Appellant is appellee's son-in-law. As grounds for her petition, appellee alleged that appellant broke the lock on her kitchen door and threatened her on more than one occasion that he was "going to do something to me." She further alleged that appellant stole a cat from her house and threatened to break her belongings.
 {¶ 3} The magistrate held an ex parte hearing on appellee's petition the same day and issued a temporary order of protection, effective until October 19, 2005. A full hearing on the order was scheduled for November 1, 2004.
 {¶ 4} On November 1, 2004, the matter proceeded to full hearing, at which both appellee and appellant represented themselves pro se. The magistrate allowed the parties to present their own testimony in the form of a narrative, and allowed each to cross-examine the other. Appellee also presented the testimony of her granddaughter. Appellant declined to present further witness testimony.
 {¶ 5} On November 5, 2004, the magistrate issued an order of protection, effective until November 1, 2009. Appellant timely filed objections to the order. On March 7, 2005, the trial court overruled all of appellant's objections and ordered that the domestic violence civil protection order issued on November 5, 2004 become the order of the court. Appellant timely appealed, setting forth two assignments of error for review. This Court has consolidated the assignments of error for ease of review.
 II. FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF APPELLANT IN ISSUING A CIVIL PROTECTION ORDER ALLEGEDLY PURSUANT TO [R.C.] 3113.31[.]"
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF APPELLANT IN ISSUING A CIVIL PROTECTION ORDER ALLEGEDLY PURSUANT TO [R.C.] 3113.31, AS THE APPELLANT WAS NOT A HOUSEHOLD MEMBER AS REQUIRED BY THE APPLICABLE SECTION OF THE OHIO REV. CODE."
 {¶ 6} Appellant argues that appellee failed to prove by a preponderance of the evidence that she was in danger of domestic violence so as to justify the issuance of a civil protection order pursuant to R.C. 3113.31. In fact, appellant asserts that there is no evidence to support appellee's claim. Appellant further argues that the trial court lacked the jurisdiction to issue a civil protection order in this case, because there is no evidence that the parties ever lived together, as required by statute. This Court disagrees.
 {¶ 7} Before a trial court may grant a civil protection order, it must find by a preponderance of the evidence that the petitioner is in danger of domestic violence. Rhodes v. Gunter, 9th Dist. Nos. 02CA008156, 02CA008157, 2003-Ohio-2342, at ¶ 4; Felton v. Felton (1997),79 Ohio St.3d 34, paragraph two of the syllabus. R.C. 3113.31(A)(1) defines domestic violence as
"the occurrence of one or more of the following acts against a family or household member:
"(a) Attempting to cause or recklessly causing bodily injury;
"(b) Placing another person by the threat of force in fear of imminent serious physical harm * * *;
"(c) Committing any act with respect to a child that would result in the child being an abused child, as defined in [R.C. 2151.031]."
 {¶ 8} R.C. 3113.31(A)(3) defines family or household member, in relevant part, as "(a) Any of the following who is residing with or has resided with the respondent: * * * (ii) A parent or a child of the respondent, or another person related by consanguinity or affinity to the respondent[.]" "Affinity" is defined, in part, as "[a]ny familial relation resulting from a marriage." Black's Law Dictionary (7 Ed. 1999) 59. Accordingly, a mother-in-law and son-in-law are related by affinity.
 {¶ 9} This Court has stated that "[a]n appellate court reviews the granting of a civil protection order under the competent, credible evidence standard of review." Rhodes at ¶ 5, citing Gatt v. Gatt, 9th Dist. No. 3217-M, 2002-Ohio-1749. Therefore, this Court will not reverse the trial court's judgment if it is "supported by some competent, credible evidence going to all the essential elements of the case[.]" Id.
 {¶ 10} In this case, the trial court adopted the magistrate's finding that appellee was in danger of domestic violence. The trial court further adopted the magistrate's finding that the court had jurisdiction to issue the civil protection order, because the parties, who are related by affinity, lived together at some time. This Court will address the issue of jurisdiction first.
 {¶ 11} At the full hearing on November 1, 2004, appellant referred to appellee's residence as his house. Appellant testified that the house is titled in his wife's (appellee's daughter's) name, and that he helped to refinance it. He referred in his testimony to "coming home for the summer" to the home in which appellee was residing. Appellee was overseeing and residing in the home at 115 Firestone Boulevard, Akron, Ohio, while her daughter was living and working in Alaska. Appellant testified repeatedly that the home at 115 Firestone Boulevard was his home, that he had a bedroom there, and that all his belongings were still there. He expressly testified that he stayed there the whole summer and only had peace when appellee and others residing in the home flew to Alaska for a couple of weeks to spend time with appellant's wife and appellee's daughter. Appellant testified that he does not want to stay at 115 Firestone Boulevard any more "because of how uncomfortable [appellee has] made me in my own place." There is no dispute that appellee had been living at 115 Firestone Boulevard for some time. Given appellant's testimony, this Court finds that the trial court's finding that appellant and appellee had resided together is supported by some competent, credible evidence. Accordingly, the trial court did not err in finding that it had jurisdiction to issue the civil protection order in this matter.
 {¶ 12} At the full hearing on November 1, 2004, appellee testified that appellant harassed her incessantly. She testified that she was afraid of appellant, because he arrived at the home one time "with alcohol on him and yelling and screaming." Appellant further testified that appellee took a cat from the home, and appellant feared that he killed it.
 {¶ 13} Victoria Birmingham, appellee's granddaughter, testified that appellant drilled out some locks in the home and threatened to damage some of appellee's personal property. Ms. Birmingham testified that, based on appellant's threats, appellee was afraid that appellant might "do something else." Appellant did not cross-examine Ms. Birmingham or deny making any threats.
 {¶ 14} Given the testimony of appellee and Ms. Birmingham, this Court finds that there is competent, credible evidence to support a finding that appellee was in fear of imminent serious physical harm due to appellant's threats. Further, the trial court did not err in finding that appellee was in danger of domestic violence. Accordingly, the trial court did not err in granting a civil protection order to appellee against appellant on those grounds.
 {¶ 15} Appellant's first and second assignments of error are overruled.
 III. {¶ 16} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J. Moore, J. concur.
[1] Mary Williams did not file an appellate brief in this matter.