DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Norman Dunfee, appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, which issued a civil protective order. This Court affirms.
 I. {¶ 2} On December 29, 2004, Appellee, Kimberly Dunfee, sought and received an ex parte civil protective order against Appellant. Thereafter, hearings were held before a magistrate to determine whether the order should remain in place. On February 18, 2005, the magistrate entered his initial ruling finding that the order should remain in place. Thereafter, Appellant requested findings of fact and conclusions of law from the magistrate. On May 18, 2005, the magistrate issued findings of fact and conclusions of law in support of his decision. Appellant timely objected to the magistrate's decision.
 {¶ 3} On August 17, 2005, the trial court overruled Appellant's objections, adopted the magistrate's decision, and held that the civil protective order should remain in place. Appellant timely appealed the trial court's judgment, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL JUDGE, DESPITE HER RECITATION THAT SHE DID SO, DID NOT IN FACT CONDUCT THE REVIEW DE NOVO OF THE PROCEEDINGS BEFORE THE COURT'S MAGISTRATES TO WHICH THIS APPELLANT WAS AND IS ENTITLED." (SIC)
 {¶ 4} In his first assignment of error, Appellant contends that the trial court erred when it failed to conduct a de novo review of the magistrate's decision. This Court disagrees.
 {¶ 5} We begin our discussion by noting that Appellee did not file an appellate brief. This Court may, therefore, accept Appellant's statement of the facts and issues as correct and reverse the trial court's judgment if Appellant's brief reasonably appears to sustain such action. See App.R. 18(C).
 {¶ 6} "[S]ince the amendment of Civ.R. 53 during 1995, this Court has consistently held that, even in the face of objections, a trial court is not required to conduct an independent review of the facts and make its own factual determination when adopting a magistrate's decision." (Emphasis sic.) Lowery v. Keystone Bd.of Educ. (May 9, 2001), 9th Dist. No. 99CA007407, at *3, citingWeber v. Weber (June 30, 1999), 9th Dist. No. 2846-M, at *2. See, also, Rogers v. Rogers (Dec. 17, 1997), 9th Dist. No. 18280, at *4. Accordingly, there exists no requirement that the trial court conduct a de novo review of a magistrate's decision simply because the magistrate received conflicting evidence. Such a requirement would abrogate the role of a magistrate in a majority of cases. See Lowery, supra, at *3 ("A magistrate is an arm of the trial court; it serves as a tool, enabling the judicial system to function more efficiently and effectively. To require a trial court to independently review the entire record each time objections are filed defeats the point.").
 {¶ 7} Additionally, in its judgment entry, the trial court noted as follows:
"In the present case, the Court has conducted a de novo review of the evidentiary record and finds that [the magistrate's] Decision is consistent with both the manifest weight of the evidence and controlling law."
Appellant has urged that in spite of this language, the trial court did not conduct a de novo review. Appellant urges that since there was conflicting evidence before the magistrate, the trial court must have granted deference to the magistrate's determination of credibility and therefore did not conduct a de novo review. Upon review of the record, we find no support for Appellant's assertion.
 {¶ 8} There is nothing in the record that indicates that the trial court granted deference to the magistrate's decision. The court overruled Appellant's objection, specifically finding that a "preponderance of the evidence establishe[d] that Respondent, by threat of force, placed Petitioner in actual fear of suffering imminent serious physical harm." Accordingly, the trial court complied with the dictates of Civ.R. 53(E)(4)(b) by overruling Appellant's objections and subsequently modifying the magistrate's decision. See Wingard v. Wingard, 2d Dist. No. 2005-CA-09, 2005-Ohio-7066, at ¶ 19. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S REQUEST THAT THE COURT CONDUCT AN IN CAMERA INTERVIEW WITH THE PARTIES' SON[.]"
 {¶ 9} In his second assignment of error, Appellant asserts that the trial court erred when it failed to grant his request for an in camera interview with the parties' son. We disagree.
 {¶ 10} Civ.R. 53(E)(4)(b) provides in pertinent part:
"The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration." (Emphasis added.)
We begin by noting that Appellant did not allege that his newly proffered evidence could not have been produced before the magistrate through reasonable diligence. Accordingly, the mandatory provision of the above rule, requiring the trial court to hear the evidence, was not at issue. Based on the remaining language, "may refuse," the trial court has discretion to determine whether to hear new evidence. Civ.R. 53(E)(4)(b). Accordingly, we review the trial court's refusal to hear new evidence for an abuse of discretion. Allen v. Allen, 10th Dist. No. 02AP-768, 2003-Ohio-954, at ¶ 11. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 11} Appellant argues that the trial court should have interviewed the parties' son because the son was present on several occasions when Appellant allegedly threatened Appellee. This Court notes, however, that Appellant cannot establish prejudice from the denial of his motion because he failed to proffer the testimony that his son would offer during the interview. Based upon the appellate record, it is not possible to ascertain whether the son would have supported Appellant's or Appellee's version of events. Further, regardless of the son's testimony, the trial court would still be left with conflicting evidence regarding whether threatening remarks were made. In its decision, while the trial court found that threatening remarks had been made in the son's presence, it also found that Appellant had made recent threats to kill Appellee and had committed past acts of violence against Appellee. This Court, therefore, finds that the trial court did not act in an arbitrary or unreasonable manner in denying Appellant's motion. There is no indication that the son's testimony would have altered the Court's decision or made such decision more informed, as Appellant contends. Accordingly, Appellant's second assignment of error is overruled.
 III. {¶ 12} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Boyle, J. Concur.