DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Scott Love has appealed from the decision of the Summit County Court of Common Pleas, Domestic Relations Division, which named Plaintiff-Appellant Angela Love residential parent of the parties' minor child and established a visitation schedule. This Court affirms.
 I {¶ 2} On February 20, 2001, Plaintiff-Appellee Angela Love ("Mother") filed a complaint for divorce against Defendant-Appellant Scott Love ("Father"). The parties were granted a divorce on December 12, 2001. One child was born to the marriage E.L., date of birth July 18, 1999, and the parties' Shared Parenting Plan was incorporated into the divorce. Under the agreed Shared Parenting Plan, both Mother and Father were designated a Residential Parent of E.L. The parties agreed to a detailed outline for possession and visitation of E.L. and no child support order was established.
 {¶ 3} On February 3, 2003, Father filed a three-part motion; he requested a contempt finding against Mother, child support from Mother, and an alteration to the Shared Parenting Plan. In response, Mother filed a motion to terminate the Shared Parenting Plan and to re-allocate parental rights and responsibilities. Father then filed a second contempt motion and a motion for custody.
 {¶ 4} On August 4, 2003, the parties appeared at a scheduled settlement conference and had reached on agreement on all pending issues. The parties agreed to a new shared parenting plan and Father agreed to contribute $45 to E.L.'s weekly day-care expenses.
 {¶ 5} On April 21, 2004, Father filed a motion to terminate shared parenting and designate him as the residential parent with sole custody. On June 7, 2004, Mother filed motions to terminate shared parenting, re-allocate parental rights and responsibilities, and order child support and attorney fees. On July 19, 2004, Father moved for an interim order of custody and school enrollment. Father filed a motion for an emergency order to enroll E.L. in school. Mother filed a similar motion on September 2, 2004. On September 10, 2004, the magistrate issued an order that E.L. be enrolled in Canton Public Schools until further order of the trial court.
 {¶ 6} On May 10, 2005, the trial court adopted the magistrate's decision that named Father the residential parent and legal custodian of E.L. Mother timely objected to the magistrate's decision; Mother objected to several of the magistrate's factual conclusions, but her main objection was to Father being named the residential parent. On May 16, 2005, Father filed a motion to strike Mother's objections because she did not comply with D.R. Loc. Rule 12.03(C).
 {¶ 7} On May 17, 2005, Father filed a motion for child support because he was now the sole residential parent of E.L.
 {¶ 8} After waiting for Mother to file a motion in support of her objections, Father replied to Mother's objections to the magistrate's decision. He argued that the magistrate's decision was based upon the record and that the magistrate was not obligated to follow the recommendations of the guardian ad-litem or Family Court Services evaluator.
 {¶ 9} On October 27, 2005, the trial court issued a decision regarding Mother's objections to the magistrate's decision. Finding that the magistrate's decision was not supported by the evidence, the trial court sustained Mother's objections. The trial court ordered that Mother be named residential parent and legal custodian of E.L.
 {¶ 10} Father has timely appealed from the trial court's decision, asserting three assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED WHEN IT REVERSED THE MAGISTRATE'S DECISION BASED UPON A DETERMINATION THAT THE MAGISTRATE HAD ABUSED HER DISCRETION IN FINDING THAT APPELLANT SHOULD BE DESIGNATED THE RESIDENTIAL PARENT WHEN THE APPELLEE HAD NEVER RAISED THE CLAIM IN HER OBJECTION THAT THE MAGISTRATE HAD ABUSED HER DISCRETION IN MAKING HER DECISION."
 {¶ 11} In his first assignment of error, Father has argued that the trial court erred in finding that the magistrate abused her discretion because Mother had not argued that issue in her objections. Specifically, Father has argued that the trial court was only permitted to review the objections presented by Mother. We disagree.
 {¶ 12} Civ.R. 53(E)(4) governs a trial court's action on magistrates' decisions. Pursuant to Civ.R. 53(E)(4)(b), a trial court must rule on objections. In doing so, it may adopt, reject, or modify the magistrate's decision. Id. This Court has previously found that Civ.R. 53(E) does not require a de novo review of the magistrate's decision. See Lowery v. Keystone Bd.of Edn. (May 9, 2001), 9th Dist. No. 99CA007407 and Dunfee v.Dunfee, 9th Dist. No. 05CA008801, 2006-Ohio-2971(finding the trial court does not have to conduct a de novo review on objections to a magistrate's opinion). However, we did not find that a trial court is prohibited from conducting such a review. Accordingly, it is the position of this Court that while a trial court is not required to conduct a de novo review of a magistrate's decision, it is not prohibited from exercising its discretion and conducting such a review.[1]
 {¶ 13} After reading the October 27, 2005 Journal Entry, we find that the trial court conducted a de novo review of the magistrate's decision. The trial court's opinion establishes that it reviewed all of the evidence and the presented arguments at issue and made its rulings based on the entire record. We find that the trial court acted within its discretion when it conducted this de novo review. Therefore, because the trial court did not error when it made determinations outside Mother's objections, we find Father's first assignment of error lacks merit.
 Assignment of Error Number Two
"THE TRIAL COURT ERRED BY FINDING THAT THE MAGISTRATE HAD ABUSED HER DISCRETION IN DECIDING THAT APPELLANT SHOULD BE DESIGNATED THE RESIDENTIAL PARENT."
 Assignment of Error Number Three
"THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN REVERSING THE MAGISTRATE'S DECISION GRANTING APPELLATE RESIDENTIAL PARENT STATUS AND SEVERELY RESTRICTING APPELLANT'S PARENTING TIME."
 {¶ 14} In his second and third assignments of error, Father has argued that the trial court erred in finding that the magistrate abused her discretion, thus sustaining Mother's objections, and that the trial court itself abused its discretion by naming Mother residential parent. While Father's arguments focus on different actions by the trial court, both assignments of error assert that the trial court abused its discretion in designating Mother residential parent.
 {¶ 15} A trial court's decision whether or not to adopt a magistrate's decision is reviewed by this Court under the abuse of discretion standard. Mealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093, at 5. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Id. This Court also reviews the allocation of parental rights under the abuse of discretion standard. Donovan v. Donovan (1996), 110 Ohio App.3d 615, 618;Masters v. Masters (1994), 69 Ohio St.3d 83, 85. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 16} To determine if the trial court abused its discretion this Court must review the record and decide if the trial court's rulings were unreasonable, arbitrary, or unconscionable. In the instant matter, the journal entry shows that the trial court based its decision regarding E.L.'s custody and care on the testimony provided at the hearings on February 8, 2005 and April 7, 2005, the recommendations of the Family Court Services Coordinator and the Guardian ad litem, and other filings by the parties. After a thorough review of the record, we find that the recommendations of the guardian ad litem are not part of the record. Specifically, the record is void of any documentation regarding said recommendations and the testimony of the guardian ad litem does not contain her recommendations. A reading of her testimony establishes that she had a recommendation and the parties and court knew what it was, but she was never asked what her recommendations were and she never offered them as part of her testimony. The trial court's journal entry states that the guardian ad litem recommended that Mother be the residential parent of E.L. and cites to her testimony, but the portion cited to only shows that she still agreed with her original recommendation, but as previously noted, the record does not contain any evidence of what her original recommendation was.
 {¶ 17} An appellant has the burden on appeal. See App.R. 16(A)(7); Loc.R. 7(B)(7). Accordingly, he bears the burden of supplying those portions of the record which demonstrate the error on appeal. Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314. Moreover, pursuant to App.R. 9 and Loc.R. 5, the appellant bears the burden of ensuring that the record necessary to determine the appeal is before the appellate court. App.R. 9(B); Loc.R. 5(A); State v. McCowan, 9th Dist. No. 02CA008124, 2003-Ohio-1797, at ¶ 6, citing State v. Williams (1995),73 Ohio St.3d 153, 160. "If the record is incomplete, [an appellate] court must presume that the trial court acted with regularity and with sufficient evidence to support its findings." (Citation omitted.) McCowan at ¶ 6.
 {¶ 18} Based on the foregoing precedent and the lack of evidence in the record regarding the guardian ad litem's recommendation, we must presume that the trial court did not abuse its discretion in reversing the magistrate's decision and that it did not abuse its discretion in naming Mother the residential parent and assigning visitation rights. We must presume that the record before the trial court, which included the guardian ad litem's recommendations, supported the trial court's decisions.
 {¶ 19} Appellant's second and third assignments of error lack merit.
 III {¶ 20} Appellant's three assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J., Carr, J., concur.
[1] This Court notes that the author judge on this case concurred in judgment only in Lowery v. Keystone Bd. of Edn.; the instant opinion reflects only the precedent of this Court and not the author judge's opinion on whether independent review of objections is required. See Lowery, (Whitmore, concurring in judgment only).