DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, David and Pamela Firis, appeal from the judgment of the Medina County Court of Common Pleas, which affirmed the magistrate's decision and entered judgment in favor of appellees, James and Lois Berry. This Court affirms.
 I. {¶ 2} In March of 1990, the parties entered into a contract whereby appellants would lease a portion of appellees' property at 7756 Ridge Road in Wadsworth, Ohio for the siting, erection and maintenance of a radio antenna tower to be used for various electronic communications and relays. The contract provided that the lease was to remain in force for a primary term of ten years and that appellants would have the option to renew the lease for an additional 10-year term. The lease further provided that appellees would not allow placement of any other electronic communications equipment or tower on the premises without appellants' mutual consent. Appellees were to advise appellants of any other requests for communications site leases or subleases. Appellants were obligated to pay rent to appellees in the greater amount of $600.00 per year or 14% of all rental, service, or maintenance income from the use of appellants' tower or equipment.
 {¶ 3} In 1997, during the period of appellants' lease of a portion of appellees' property, ATT requested permission to erect a cellular communications tower on appellees' property near appellants' tower. Appellees informed appellants of ATT's request and appellants consented to the erection of this additional tower. Because of ATT's placement of its tower on appellees' property, appellants and appellees entered into an oral contract wherein appellants were to receive 50% of the ATT tower's income. The parties dispute the duration of the oral contract. Appellees paid 50% of the ATT tower's income during 1997, 1998, 1999, and until April 2000.
 {¶ 4} On February 21, 2003, appellees filed a complaint for forcible entry and detainer and for damages consisting of holdover rent due for appellants' rental of appellees' property for siting of their radio tower. On March 12, 2003, appellants filed an answer, offset and counterclaims alleging breach of contract, willful breach of contract, promissory estoppel, part performance, damages for maintenance, and seeking an accounting and declaratory judgment. Because appellants' demand for judgment exceeded the statutory limits of the municipal court, the case was transferred to the Medina County Court of Common Pleas the same day. Appellees answered, asserting general denials to appellants' counterclaims.
 {¶ 5} The magistrate heard the matters of the complaint and counterclaims on September 13, 2005. On October 4, 2005, the magistrate issued her decision to order judgment in favor of appellees on both their complaint and appellants' counterclaims. Appellants timely filed objections to the magistrate's decision, and appellees timely filed a brief in opposition to the objections. On November 18, 2005, the trial court overruled appellants' objections, adopted the decision of the magistrate, and entered judgment in favor of appellees on both their complaint and appellants' counterclaims. Appellants timely appeal, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED WHEN IT ADOPTED THE MAGISTRATE'S RULING AS THE DECISION REPRESENTS AN ABUSE OF DISCRETION."
 {¶ 6} Appellants argue that the trial court abused its discretion by adopting the magistrate's decision because the magistrate's findings are not supported by the evidence. Specifically, appellants argue that there was insufficient evidence to support the court's findings that (1) appellants failed to renew the lease agreement with appellees and (2) the oral agreement that appellees would pay appellants 50% of the revenue from the contract with ATT for a communications tower on appellees' property terminated upon the termination of the 10-year lease agreement between the parties.[1] This Court disagrees.
 {¶ 7} In reviewing an appeal from the trial court's order adopting the magistrate's decision under Civ.R. 53(E)(4), this Court must determine whether the trial court abused its discretion in adopting the decision. Bobel Electric, Inc. v.Friedman, 9th Dist. No. 03CA008217, 2003-Ohio-4520, at ¶ 7. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Mealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 8} Appellants first argue that the trial court abused its discretion in adopting the magistrate's decision which found that appellants had not exercised their option to renew the lease for the maintenance of their communications tower on appellees' property for an additional 10-year term. Appellants do not dispute that they still maintained their tower on appellees' property at the time of the hearing and that they had not paid rent to appellees since March 2000. Accordingly, appellees would be entitled to prevail on their claim to evict appellants and collect back holdover rent where the evidence supports a finding that appellants had not renewed the lease. In this case, there was conflicting evidence as to whether appellants renewed their lease in a timely manner.
 {¶ 9} This Court has stated:
"[S]ince the amendment of Civ.R. 53 during 1995, this Court has consistently held that, even in the face of objections, a trial court is not required to conduct an independent review of the facts and make its own factual determination when adopting a magistrate's decision. (Emphasis sic.) Accordingly, there exists no requirement that the trial court conduct a de novo review of the magistrate's decision simply because the magistrate received conflicting evidence. Such a requirement would abrogate the role of a magistrate in a majority of cases." (Internal citations omitted.) Dunfee v. Dunfee, 9th Dist. No. 05CA008801,2006-Ohio-2971, at ¶ 6.
 {¶ 10} In addition, although much of the testimony in this case may have been in conflict, this Court will not reverse the judgment only because the court believed appellees' witnesses.Truax v. Regal, 9th Dist. No. 20902, 2002-Ohio-4867, at ¶ 26. "Matters of credibility are primarily for the trier of fact." Id., citing State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. When reviewing the trial court's actions, this Court has repeatedly stated that, "as the trier of fact, the magistrate [i]s `best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proferred testimony. Truax at ¶ 26, citing Modie v. Andrews (July 26, 2000), 9th Dist. No. 19543.
 {¶ 11} In this case, appellee James Berry testified that the lease of property to appellants for the erection and maintenance of a communications tower expired in March 2000 and appellants never renewed or attempted to renew the lease prior to its expiration. Mr. Berry testified that he had no recollection of appellants informing him at the initial execution of the lease that they were then requesting a renewal of the lease. In addition, Mr. Berry testified that he had no recollection of appellant David Firis telling him during a break in court proceedings on another matter in February 2000 that he wished to renew the lease for an additional 10-year term. Mr. Berry admitted that he received a letter in September 2000 from appellants wherein appellants were purportedly exercising their option to renew the lease agreement. There is no dispute that the initial 10-year term of the lease ended six months earlier in March 2000.
 {¶ 12} Appellant David Firis testified that he and his wife wanted a 20-year lease for their communications tower but that appellees refused, agreeing only that the 10-year lease could be renewed for an additional 10-year term. The magistrate found Mr. Firis' testimony that he renewed the lease at the time of the initial execution not credible, as it defeated appellees' intent not to be bound by a 20-year term as of March 1990. Mr. Firis further testified that he unilaterally exercised the option to renew the lease outside the presence of his wife and co-lessee while he and Mr. Berry were alone during a break in other court proceedings in February 2000. Mr. Firis admitted that Mr. Berry did not acknowledge his comments about renewing the lease in any manner. The magistrate found Mr. Firis' testimony in this regard to be less than credible that Messrs. Berry and Firis would have discussed the renewal of the lease agreement during other pending litigation.
 {¶ 13} In addition, there is no dispute that neither Mrs. Berry nor Mrs. Firis were present during Mr. Firis' alleged attempt to orally renew the lease in February 2000. There is no evidence to indicate that Mr. Firis was acting as Mrs. Firis' agent, or that Mr. Berry was acting as Mrs. Berry's agent, so that either could bind his spouse to an agreement to renew the lease.
 {¶ 14} Appellee Pamela Firis testified that her husband told her in April 2000 that they had not renewed their land lease with appellees.
 {¶ 15} There was sufficient evidence to support the magistrate's finding that appellants failed to renew the lease with appellees. In the face of some conflicting evidence, the magistrate was in the best position to judge the credibility of the witnesses. Accordingly, this Court cannot say that the trial court abused its discretion by adopting the magistrate's decision in regard to her finding that appellants failed to timely renew the lease agreement so that they might properly be evicted from appellees' property and so that they are liable to appellees for holdover rent.
 {¶ 16} Appellants next argue that the trial court abused its discretion in adopting the magistrate's decision which found that the oral agreement, whereby appellees would pay appellants 50% of the revenue from the ATT contract, terminated upon the termination of the 10-year lease agreement between the parties. Appellees do not dispute that an oral agreement existed whereby they would pay 50% of the revenue from the ATT contract to appellants. The parties dispute the duration of the contract. However, they agree that appellants paid appellees the appropriate sums through March 2000. Accordingly, appellees would be entitled to judgment on appellants' counterclaims where the evidence supports a finding that the oral agreement terminated in March 2000 along with the lease agreement between the parties.
 {¶ 17} In this case, Mr. Berry testified that the land lease and oral revenue agreement constituted separate and distinct contracts. He testified, however, that he agreed to give 50% of the ATT income to appellants only for the duration of their 10-year lease of appellees' property for the siting and maintenance of a communications tower. Mr. Berry testified that he neither notified appellants regarding his sale of the ATT lease for $118,000.00 nor distributed any of the sale proceeds to appellants, because both the land lease and the oral agreement terminated prior to appellees' sale of the ATT lease. Mr. Berry denied that Mr. Firis acted as his agent regarding negotiations with ATT for the receipt of revenue from the ATT tower. Mr. Berry testified that he leased land to ATT for siting and maintenance of a communications tower pursuant to a 5-year lease, which could be renewed for five additional 5-year terms, for a total of thirty years. Despite the length of the ATT lease during which ATT was obligated to pay income to appellees, Mr. Berry testified that the termination of the land lease with appellants terminated the oral agreement that appellees share ATT proceeds with appellants.
 {¶ 18} Mr. Firis testified that he understood that appellees would receive proceeds for the ATT lease into perpetuity irrespective of any termination of the 1990 land lease. Accordingly, he testified that appellees were entitled to 50% of the ATT lease sale proceeds.
 {¶ 19} The magistrate found Mr. Berry's testimony regarding the duration of the oral agreement to be credible. On the other hand, the magistrate found Mr. Firis' testimony that appellees would continue to pay proceeds to appellants more than seventeen years after any renewed land lease would expire to be not credible, given that appellants merely consented to the erection of the ATT tower on appellees' land in exchange for the receipt of tower income. Again, this Court is mindful that the magistrate was in the best position to view the witnesses and gauge their credibility. See Truax at ¶ 26. In addition, this Court declines to reverse the judgment because the magistrate believed appellees' witnesses. See id. Accordingly, this Court cannot say that the trial court abused its discretion by adopting the magistrate's decision which is supported by the evidence adduced at trial. Appellants' assignment of error is overruled.
 III. {¶ 20} Appellants' assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
Slaby, P.J., Boyle, J. Concur.
[1] Appellants offer no law in support of their assignment of error. Rather, they merely argue that the magistrate misinterpreted or gave inappropriate weight to the testimony adduced at the hearing.