DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Kristopher K. Hoopes appeals the decision of the Lorain County Court of Common Pleas, Domestic Relations Division, terminating a civil protection order against Appellee, Ashley Frantz. We affirm.
 {¶ 2} On November 7, 2007, Hoopes filed a petition for domestic violence civil protection order pursuant to R.C. 3113.31 ("CPO"), which the trial court issued ex parte the same day. On November 9, 2007, Frantz filed her own petition for a CPO. Both parties' petitions stemmed from an altercation that occurred on November 6, 2007, in the presence of the parties' minor child L.H. A hearing was held before a magistrate on November 21, 2007, related to both petitions. On December 11, 2007, the Magistrate issued a judgment entry in which she found insufficient evidence to support the granting of a CPO to either party and dismissed the case. On December 17, 2007, Hoopes filed a request for findings of fact and conclusions of law *Page 2 
and on January 18, 2008, the magistrate issued a journal entry in response thereto stating that CPOs were not granted because neither party was credible.
 {¶ 3} On January 31, 2008, Hoopes filed objections to the magistrate's decision and the court conducted a hearing related to the objections on March 4, 2008.[1] On March 20, 2008, the trial court issued a judgment entry overruling Hoopes' objections and adopting the magistrate's decision. Hoopes timely appealed and raises two assignments of error.
 Assignment of Error I "The trial court committed error prejudicial to [Hoopes] by not performing an independent de novo review of the Magistrate's decision and order as required by Civil Rule 53."
 {¶ 4} In his first assignment of error, Hoopes argues that the trial court failed to conduct a de novo review of the magistrate's decision, which found that the parties were not credible.
 {¶ 5} We review a trial court's order adopting a magistrate's decision for an abuse of discretion. Turner v. Turner, 9th Dist. No. 07CA009187,2008-Ohio-2601, ¶ 10, citing Bobel Elec, Inc. v. Friedman, 9th Dist. No. 03CA008217, 2003-Ohio-4520, at ¶ 7. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Mealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093. Accordingly, a party must demonstrate not merely an error of law or judgment, but that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. "When *Page 3 
applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court." Id.
 {¶ 6} Civ. R. 53(D)(4)(d) sets forth the action a trial court must take in response to objections to a magistrate's decision:
 "Action on objections. If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."
 {¶ 7} Hoopes specifically points to findings of fact numbered 7 and 8 of the Judgment Entry as evidence that the trial court "did not evaluate the parties' credibility independently" as required by Civ. R. 53(D)(4)(d). The challenged findings state:
 "7. That the Magistrate had the benefit of observing the parties during testimony to assist the Court in determining credibility.
 "8. That neither the transcript nor the Court file indicate that the Magistrate erred in fact or law or was prejudiced in finding neither party credible in this case."
 {¶ 8} "[T]his Court has consistently held that, even in the face of objections, a trial court is not required to conduct an independent review of the facts and make its own factual determination when adopting a magistrate's decision. Accordingly, there exists no requirement that the trial court conduct a de novo review of the magistrate's decision simply because the magistrate received conflicting evidence. `Such a requirement would abrogate the role of a magistrate in a majority of cases.'" Berry v. Firis, 9th Dist. No. 05CA0109-M, 2006-Ohio-4924, at ¶ 9, quoting Dunfee v. Dunfee, 9th Dist. No. 05CA008801, 2006-Ohio-2971, at ¶ 6.
 {¶ 9} "When adopting a recommendation of a magistrate, the trial court is only required to `separately enter his or her own judgment setting forth the outcome of the dispute[.]'" Freeman v. Freeman, 9th Dist. No. 07CA0036, 2007-Ohio-6400, at ¶ 51, quoting Fields v. *Page 4 Fields, 9th Dist. No. 04CA0615-M, 2005-Ohio-471, at ¶ 28, quotingHarkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 218. "The judgment entry need only be all inclusive so as to allow the parties to look at the document `in order to determine their rights and obligations relating to the underlying action.'" Freeman at ¶ 51, quoting Fields at ¶ 28, citing Conrad v. Conrad, 9th Dist. No. 21394, 2003-Ohio-2712, at ¶ 4. Hoopes does not argue that the judgment entry fails to satisfy these requirements.
 {¶ 10} As to the credibility issue, this Court has repeatedly stated that, "as the trier of fact, the magistrate [is] `best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proferred testimony.'" Truax v. Regal, 9th Dist. No. 20902, 2002-Ohio-4867, at ¶ 26, quoting Modie v. Andrews (July 26, 2000), 9th Dist. No. 19543, quoting Giurbino v. Giurbino (1993), 89 Ohio App.3d 646, 659.
 {¶ 11} There is nothing in the record or the Judgment Entry to evidence a less than independent review of the Magistrate's Decision. The judgment entry indicates that the trial court reviewed the record, including the hearing transcript, and determined that the record supported the magistrate's determination as to credibility of the parties. Thus, although not required to do so, the trial court conducted an independent review of the credibility of the parties. The discretionary language of Civ. R. 53(D)(4)(d) makes clear that trial court is not required to conduct a hearing to determine credibility or any other matter.
 {¶ 12} Based on the foregoing, we cannot say that the trial court abused its discretion when it adopted the magistrate's decision in this case. Hoopes' first assignment of error is overruled. *Page 5 
 Assignment of Error II The court abused its discretion in not finding that [Hoopes] had presented sufficient, credible evidence to prove by a preponderance of the evidence that [Frantz] had engaged in acts of domestic violence."
 {¶ 13} In his second assignment of error, Hoopes argues that the trial court erred in adopting the magistrate's decision because the testimony at hearing established that Frantz committed an act of domestic violence against him thereby demonstrating that he was entitled to a CPO. We disagree.
 {¶ 14} In order to grant a civil protection order, a trial court "must find by a preponderance of the evidence that the petitioner is in danger of domestic violence." Williams v. Workman, 9th Dist. No. 22626,2005-Ohio-5388, at ¶ 7, citing Rhodes v. Gunter, 9th Dist. Nos. 02CA008156 and 02CA008157, 2003-Ohio-2342, at ¶ 4.
 {¶ 15} Domestic violence includes "the occurrence of one or more of the following acts against a family or household member:
 "(a) Attempting to cause or recklessly causing bodily injury;
 "(b) Placing another person by the threat of force in fear of imminent serious physical harm * * *;" R.C. 3113.31(A)(1).
 {¶ 16} "The natural parent of any child of whom the respondent is the other natural parent" is considered a family member. R.C. 3113.31(A)(3)(b).
 {¶ 17} The magistrate found there to be insufficient evidence to support the granting of a CPO to Hoopes or Frantz. The trial court agreed and found that (1) Officer Trifiletti did not confirm or substantiate facts presented by either party as to the events of November 6, 2007; he simply recounted what the parties had told him; (2) both Hoopes and his current wife (April Hoopes) gave the same exact version of events but that April Hoopes' story contained "additional facts"; (3) there was no evidence discovered during the investigation to "corroborate *Page 6 
either parties['] version of the" incident. The trial court made further findings as to the credibility of the parties as noted above. The trial court finally concluded that "the Magistrate's Decision was consistent with the law and the evidence presented in [the] case." We agree.
 {¶ 18} Officer Trifiletti testified that he responded to a domestic violence complaint lodged by Hoopes on November 6, 2007, and that Frantz was not at the scene when he arrived. Trifiletti testified that Hoopes told him that Frantz scratched his arm during a verbal altercation at his home and that she left when he told her he was going to call the police. Trifiletti stated that he saw several scratches on Hoopes' left arm that did not need medical attention. Hoopes told Trifiletti that did not want to press charges; he just wanted a report filed so that there would be a record that he had been assaulted. Trifiletti further testified that Deputy Crausaz, who was also on the scene, advised Hoopes to seek a protection order because Hoopes appeared to be afraid for his safety.
 {¶ 19} Trifiletti testified that Frantz came to the police station an hour or so after he left Hoopes' home and told him essentially the same story as Hoopes except she indicated that Hoopes was the initial aggressor. Frantz told him that when she came to Hoopes' home to pick up L.H., Hoopes jumped on her back during a verbal altercation. Frantz told him that she left the scene and went to the emergency room for muscle spasms. Trifiletti indicated that Frantz wore a hospital bracelet on her wrist but had no other documentation of her hospital visit. Trifiletti testified that he did not examine Frantz's nails to look for evidence that she scratched Hoopes, but acknowledged that Frantz told him that police could conduct a nail scrape.
 {¶ 20} Trifiletti testified that he also spoke with Hoopes' wife, April, who gave the same exact story as Hoopes. Trifiletti explained that he was ultimately unable to determine which of Hoopes or Frantz was the aggressor. *Page 7 
 {¶ 21} Hoopes' testimony was substantially identical to his version of the story as Trifiletti testified. Hoopes added that Frantz drove across his lawn when she left his home. Hoopes displayed the marks on his arm that Frantz had allegedly made. Hoopes further indicated that L.H. was scared and that he had not seen his son since the incident. Hoopes denied jumping on Frantz's back.
 {¶ 22} Frantz's testimony was substantially identical to her version of the story reported to Trifiletti. Frantz added that Hoopes jumped on her back to try to get her cell phone while she was trying to call her attorney. Frantz denied deliberately scratching Hoopes but admitted it could have happened while she was trying to get Hoopes off her back. Frantz explained that Hoopes' driveway was not lit and that she did not intentionally drive over Hoopes' lawn. Frantz also indicated that she left the scene to get her son out of the situation. Frantz explained that shortly after leaving Hoopes' home, she called the police station to tell them she was going to the hospital for back and neck pain and then would come to the station to make a report. Frantz indicated that she refused to return to the scene to make her report because she was "terrified" of Hoopes. Frantz explained that she dropped L.H. off with her mother and then went to the hospital and then the police station. Frantz testified that she was diagnosed with a muscle strain and offered to show Trifiletti paperwork from the hospital. Frantz finally explained that she petitioned for a protection order several days later and continues to be afraid of Hoopes.
 {¶ 23} April Hoopes' testimony mirrored that of her husband. April Hoopes added that she pulled on Hoopes' other arm to try to get him away from Frantz's grip.
 {¶ 24} Based on the foregoing, the admitted contentious nature of the relationship between the parties before and after the incident, the argumentative tone of the testimony at the hearing, as well as Trifiletti's testimony that he could not determine which party was the initial *Page 8 
aggressor, we cannot say that the trial court abused its discretion when it adopted the magistrate's decision which found insufficient evidence that Hoopes was in danger of domestic violence. Hoopes' second assignment of error is overruled.
 {¶ 25} Each of Hoopes' assignments of error is overruled, and the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
MOORE, P. J., DICKINSON, J., CONCUR.
[1] The transcript of this hearing is not part of the record. *Page 1