DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Herman Turner ("Husband"), appeals the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, which *Page 2 
affirmed the decision of the magistrate who found Husband to be in contempt for failure to pay the proper percentage of his bonus received in 2005 for the year 2004 to Deborah Turner ("Wife"). This Court affirms.
 I. {¶ 2} On April 19, 2001, Wife filed a complaint for divorce. Husband was served with the complaint, but there is nothing in the record to indicate that he filed an answer.
 {¶ 3} The trial court scheduled the matter for a settlement conference on October 25, 2001, then rescheduled it for October 10, 2001. Both parties filed settlement conference statements prior to the settlement conference. After an initial settlement conference was held, the trial court scheduled a further settlement conference for December 11, 2001. On December 11, 2001, the trial court adjourned the settlement conference until January 31, 2002, to allow the parties the opportunity to reach a resolution of the issues.
 {¶ 4} On January 31, 2002, the second settlement conference was held, but the parties failed to reach a resolution. The trial court scheduled the matter for a contested divorce trial on May 1, 2002. However, on February 27, 2002, the parties appeared for another settlement conference, at which time they reached a full and complete resolution of the issues. The trial court ordered the parties to submit a judgment entry of divorce, reflecting the terms presented at the conference, to the court for journalization by March 8, 2002. *Page 3 
 {¶ 5} On March 29, 2002, the trial court issued a judgment entry of divorce with separation agreement attached. On the same day, an addendum to the separation agreement was filed.
 {¶ 6} On November 8, 2005, Wife filed a motion to show cause why Husband should not be held in contempt of court for failure to pay spousal support pursuant to the terms of the parties' separation agreement. The matter was scheduled for a contested hearing. Husband filed a trial brief on June 26, 2006, and Wife filed a response on July 17, 2006. On July 27, 2006, the magistrate issued a decision in which she found Husband in contempt for failure to pay Wife 50% of the bonus received for year-end 2004 and paid to him in 2005. The magistrate also ordered Husband to pay Wife's attorney fees and expenses arising out of Wife's motion to show cause.
 {¶ 7} On August 21, 2006, Husband filed objections to the magistrate's decision after being granted an extension of time in which to do so. Wife responded on December 8, 2006, reiterating her arguments originally raised in her response to Husband's trial brief. On May 29, 2007, the trial court sustained Husband's objections in part and adopted the magistrate's decision in part. Specifically, the trial court ordered that Husband was in contempt for failing to pay the proper percentage of his bonus received in 2005 for the year 2004. The trial court, however, found the separation agreement ambiguous which required the interpretation of same. Therefore, the trial court ordered that no attorney fees would be awarded to Wife. *Page 4 
 {¶ 8} Husband timely appeals, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED WHEN IT DETERMINED AN AMBIGUITY EXISTED IN THE PARTIES' SEPARATION AGREEMENT AND ADDENDUM TO SEPARATION AGREEMENT."
 {¶ 9} Husband argues that the trial court erred by adopting, in part, the magistrate's decision which found Husband in contempt for failure to pay the proper percentage of the bonus he received in 2005 for the year 2004. This Court disagrees.
 {¶ 10} In reviewing an appeal from the trial court's order adopting the magistrate's decision, this Court must determine whether the trial court abused its discretion in adopting the decision. Bobel Elec, Inc.v. Friedman, 9th Dist. No. 03CA008217, 2003-Ohio-4520, at ¶ 7. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision."Mealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State *Page 5 Med Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 11} A review of the record indicates that the trial court did not err by finding Husband in contempt for failure to pay to Wife the proper percentage of the bonus he received in 2005 for the year 2004, albeit on alternate grounds. This Court has stated:
 "It is well established in Ohio that `a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89, 92. Further, this Court has held that `an appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such an error is not prejudicial.' (Citation omitted.) Cook Family Invests. v. Billings, 9th Dist. Nos. 05CA008689 05CA008691, 2006-Ohio-764, at ¶ 19." Schaaf v. Schaaf, 9th Dist. No. 05CA0060-M, 2006-Ohio-2983, at ¶ 19.
 {¶ 12} Husband argues that the parties' separation agreement requires that he pay to Wife 40% of any bonus received in 2005 and that the trial court erred by requiring that he pay 50%. The parties' separation agreement, incorporated as part of the divorce decree, states in relevant part:
 "B. Husband's employer has traditionally paid to him Bonus payments determined on the productivity of Husband and/or the Division or Divisions that he is a part of at his place of employment. In order to distribute said bonuses in an equitable fashion between the Husband and the Wife, the parties agree to the following schedule:
 "1. Year ending 2002 = 50% of Incentive Compensation Plan after Social Security and Medicare Taxes with holding.
 "2. Year ending 2003 = 50% of Incentive Compensation Plan after Social Security and Medicare Taxes with holding. *Page 6 
 "3. Year ending 2004 = 50% of Incentive Compensation Plan after Social Security and Medicare Taxes with holding.
 "4. Year ending 2005 = 40% of Incentive Compensation Plan after Social Security and Medicare Taxes with holding.
 "5. Year ending 2006 = 30% of Incentive Compensation Plan after Social Security and Medicare Taxes with holding.
 "6. Year ending 2007 = 20% of Incentive Compensation Plan after Social Security and Medicare Taxes with holding.
 "7. Year ending 2008 = 10% of Incentive Compensation Plan after Social Security and Medicare Taxes with holding."
The addendum to the parties' separation agreement states in relevant part:
 "ARTICLE TWO — SPOUSAL SUPPORT
 "(b) In order to effectively administer subsection (b) of Article Two of the Separation Agreement, Husband shall instruct his employer to furnish Wife the following information:
 "Nordson Corporation shall send to the Wife a statement for each of the following years: 2002, 2003, 2004, 2005, 2006, 2007, 2007 (sic), and 2008, which shall be delivered to the Wife not later than January 30 of the year immediately following each of the specified years. Said statement shall provide the Wife with the following information:
 "(1) Herman E. Turner, Jr., SS No.: * * * received an Incentive Compensation Bonus of $___ for tax year ___.
 "(2) Herman E. Turner, Jr., had as his Incentive Compensation Plan Target Bonus for tax year___ [which] was ___% of his base salary."
 {¶ l3} The parties' separation agreement, incorporated as part of the divorce decree, is a contract between the parties. Therefore, the separation agreement is subject to the same rules of construction, which govern other *Page 7 
contracts. Hyder v. Pizer (Apr. 17, 2002), 9th Dist. No. 20791, citingForstner v. Forstner (1990), 68 Ohio App.3d 367, 372.
 {¶ 14} While a trial court retains broad discretion to clarify ambiguity in a contract, the determination whether a contract is ambiguous is a matter of law. Hyder; see, also, In re Dissolution ofMarriage of Seders (1987), 42 Ohio App.3d 155, 156. Where no ambiguity exists, the trial court may not construe, clarify or interpret the parties' agreement to mean anything outside of that which it specifically states. Dzeba v. Dzeba (Dec. 1, 1993), 9th Dist. No. 16225. Specifically, "the trial court must defer to the express terms of the contract and interpret it according to its plain, ordinary, and common meaning." Hyder, citing Forstner, 68 Ohio App.3d at 372. Moreover, the parties' agreement is not ambiguous where its terms are clear and precise. Ryan v. Ryan (Oct. 27, 1999), 9th Dist. No. 19347, citingLawler v. Burt (1857), 7 Ohio St. 340, 350.
 {¶ 15} In this case, the trial court found the provision in the separation agreement regarding the payment by Husband to Wife of annual employment bonuses to be ambiguous and, therefore, considered extrinsic evidence to interpret the provision. The terms of the agreement, however, are not ambiguous.
 {¶ 16} The agreement unambiguously provides that a specific percentage of Husband's bonus as of the end of each specific year shall be distributed to Wife. The addendum to the parties' agreement merely provides that Husband's employer shall notify Wife by each January 30 of the amount of bonus received for the prior year, so that she is aware of the amount to which she is entitled pursuant to the *Page 8 
separation agreement. The addendum expressly specifies that Wife shall receive a statement for 2008, which must be delivered to her not later than January 30, 2009, i.e., "the year immediately following * * * the specified year." Accordingly, Husband's obligation to pay a portion of his bonuses to Wife terminates pursuant to the express language of the separation agreement once Wife receives the bonus earned as of the end of 2008, the amount of which would be reflected in the statement received by Wife by January 30, 2009.
 {¶ 17} By the plain and unambiguous language of the separation agreement, Husband is obligated to pay Wife 50% of the bonus he earned as of the end of 2004. He failed to meet this obligation when he only paid 40% of that bonus. Therefore, the trial court did not abuse its discretion when it adopted the magistrate's decision and found Husband in contempt for failing to pay the proper percentage of his bonus earned as of the end of 2004, although it based its finding on alternate reasoning. Husband's assignment of error is overruled.
 III. {¶ 18} Husband's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 9 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
DONNA J. CARR FOR THE COURT
SLABY, J. CONCURS