[Cite as *Gajarsky v. Kottler*, 2012-Ohio-1817.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

WENDY GAJARSKY

     Appellant/Cross-Appellee

v.

BRUCE KOTTLER

     Appellee/Cross-Appellant

C.A. Nos.    25990
             25994

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2003-04-1253

DECISION AND JOURNAL ENTRY

Dated: April 25, 2012

WHITMORE, Presiding Judge.

{¶1} Appellant/Cross-Appellee, Wendy Gajarsky ("Mother"), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. Additionally, Appellee/Cross-Appellant, Bruce Kottler ("Father"), cross-appeals from the trial court's judgment. This Court affirms in part and reverses in part.

I

{¶2} Mother and Father were married on September 11, 1991, and had two children during the course of the marriage: B.G.K., born May 15, 1994, and M.G.K., born October 10, 1998. On April 3, 2003, Mother filed a complaint for divorce. Father counterclaimed for divorce, and the trial court entered a decree of divorce on October 30, 2003. The divorce decree incorporated a separation agreement and shared parenting plan that designated both parties as a residential parent and legal custodian. The court ordered Father to pay $612 per month in child support, commencing November 1, 2003, and the parties agreed to share equally the costs of the

children's education and agreed upon extracurricular activities. Both parties waived their right to receive spousal support. Father's child support obligation later was terminated on February 8, 2006, by agreement of the parties after their respective incomes became nearly equal.

{¶3} The parties observed their shared parenting plan until 2007. On May 29, 2007, November 29, 2007, and June 17, 2008, Father filed show cause motions based on Mother's alleged failure to comply with visitation and the payment of certain expenses. Meanwhile, Mother filed a motion for the reallocation of parental rights and responsibilities and the termination of shared parenting as well as an emergency motion for child support. Father responded to Mother's reallocation motion and asked the court to name him the primary residential parent in the event the court agreed a change in shared parenting should occur. The court appointed a guardian ad litem for the children and later appointed the children an attorney upon the motion of the guardian ad litem. The attorney for the children ultimately withdrew due to a conflict.

{¶4} The court held hearings in this matter on July 28, 2010, September 17, 2010, and November 30, 2010. The court issued a judgment entry on May 24, 2011, in which it named Father the residential parent and legal custodian, granted Mother standard visitation, offset the amounts each party owed to one another, and ordered Father to pay Mother $1,115. As for child support, the court ordered Father to pay child support, retroactively, for the period of December 1, 2008, until June 1, 2011, and for Mother to pay child support from June 1, 2011, forward. The court determined that Mother was in contempt for failing to abide by several court orders, but did not impose a sanction upon her.

{¶5} Both parties appealed from the trial court's judgment, and this Court consolidated the matters on appeal. Mother raises three assignments of error for our review, and Father raises

six assignments of error. For ease of analysis, we consolidate and rearrange several of the assignments of error.

II

<u>Mother's Assignment of Error Number One</u>

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING CUSTODY TO FATHER AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW AND THE RELEVANT STATUTORY FACTORS DETERMINING THE BEST INTEREST OF THE CHILDREN.

<u>Mother's Assignment of Error Number Two</u>

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO RE-APPOINT AN ATTORNEY FOR THE MINOR CHILDREN CONTRARY TO THE BEST INTEREST OF THE CHILDREN.

{¶6} In her first and second assignments of error, Mother argues that the trial court erred by granting custody to Father and by failing to appoint another attorney for her children after their first attorney withdrew. At oral argument, however, the parties notified this Court that circumstances have changed and an agreement has been reached with regard to the issues raised in the foregoing assignments of error. Mother's counsel specifically abandoned her first two assignments of error. This Court asked for clarification, inquiring whether counsel wished to withdraw Mother's assignments of error one and two. Mother's counsel agreed to withdraw the assignments of error. Because Mother has voluntarily withdrawn her first and second assignments of error, we need not consider them in our determination of the appeal.

<u>Father's Assignment of Error Number One</u>

THE TRIAL COURT ABUSED ITS DISCRETION IN ITS DECISION FINDING THE PLAINTIFF-APPELLANT IN CONTEMPT AS PURSUANT TO THE DEFENDANT-APPELLEE'S MAY 29, 2007 MOTION TO SHOW CAUSE WHEN IT FAILED TO IMPOSE SANCTIONS, JAIL TIME AND PURGE TERMS GIVEN THE OBVIOUS AND INTENTIONAL ACTIONS OF THE PLAINTIFF-APPELLANT.

<u>Father's Assignment of Error Number Two</u>

THE TRIAL COURT ABUSED ITS DISCRETION IN ITS DECISION FINDING THE PLAINTIFF-APPELLANT IN CONTEMPT AS PURSUANT TO THE DEFENDANT-APPELLEE'S NOVEMBER 29, 2007 MOTION TO SHOW CAUSE WHEN IT FAILED TO IMPOSE SANCTIONS, JAIL TIME AND PURGE TERMS GIVEN THE OBVIOUS AND INTENTIONAL ACTIONS OF THE PLAINTIFF-APPELLANT.

<u>Father's Assignment of Error Number Three</u>

THE TRIAL COURT ABUSED ITS DISCRETION IN ITS DECISION FINDING THE PLAINTIFF-APPELLANT IN CONTEMPT AS PURSUANT TO THE DEFENDANT-APPELLEE'S JUNE 17, 2008 MOTION TO SHOW CAUSE WHEN IT FAILED TO IMPOSE SANCTIONS, JAIL TIME AND PURGE TERMS GIVEN THE OBVIOUS AND INTENTIONAL ACTIONS OF THE PLAINTIFF-APPELLANT.

{¶7}    In his first three assignments of error, Father argues that the trial court erred by not imposing sanctions upon Mother after it found her in contempt for failing to abide by various court orders.

{¶8}    This Court previously has explained as follows:

"Contempt is the disobedience of a lawful court order." *Boston Hts. v. Cerny*, 9th Dist. No. 23331, 2007-Ohio-2886, ¶ 19, citing *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55 (1971), paragraph one of the syllabus. "Contempt of court consists of both a finding of contempt and the imposition of a penalty or sanction." *Noll v. Noll*, 9th Dist. Nos. 01CA007932, 01CA007976, 2002-Ohio-4154, ¶ 13, citing *Cooper v. Cooper*, 14 Ohio App.3d 327, 328 (8th Dist.1984). "A finding of contempt is the first part of the punishment; the trial court must also impose a sanction." *Cerny* at ¶ 22.

*Cotter v. Cotter*, 9th Dist. No. 25656, 2011-Ohio-5629, ¶ 8. "Until both a finding of contempt is made and a penalty imposed by the court, there is not a final order." *Keating v. Keating*, 9th Dist. No. 02CA007984, 2002-Ohio-3865, ¶ 4, quoting *Chain Bike Corp. v. Spoke 'N Wheel, Inc.*, 64 Ohio App.2d 62, 64 (8th Dist.1979).

{¶9}    In its final judgment entry, the trial court wrote that "Mother * * * has failed to follow nearly every Court Order" and "has continually been in willful contempt," but determined

that sanctions were unnecessary given its resolution of the matter. Father argues, and Mother's counsel concedes, that the court erred by entering a finding of contempt in the absence of a corresponding penalty and opportunity to purge. Father's counsel also acknowledged at oral argument, however, that any recognition of the trial court's error would have no effect on the parties at this time and that Father's first, second, and third assignments of error are purely academic in nature. This Court will not address purely academic arguments that have no practical effect on the parties. *Haley v. Sloulin*, 9th Dist. No. 16117, 1993 WL 319653, *2 (Aug. 25, 1993), quoting *Wagner v. Cleveland*, 62 Ohio App.3d 8, 13 (8th Dist.1988) ("Actions become moot when resolution of the issues presented is purely academic and will have no practical effect on the legal relations between the parties."). Father's first, second, and third assignments of error are moot and we decline to address them. App.R. 12(A)(1)(c).

<u>Mother's Assignment of Error Number Three</u>

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO ORDER CHILD SUPPORT RETROACTIVE TO THE DATE OF THE FILING OF THE MOTION TO SET CHILD SUPPORT AND MISCALCULATED[]THE AMOUNT OF COMPENSATION FOR EXTRAORDINARY EXPENSES.

{¶10} In her third assignment of error, Mother argues that the trial court erred in its selection of the date Father's child support order became effective and in its calculation of the amount of certain expenses. We agree.

{¶11} Absent special circumstances "a modification of child support normally becomes effective the date the motion was filed." *O'Neill v. Bowers*, 9th Dist. No. 21950, 2004-Ohio-6540, ¶ 20. The trial court awarded child support based upon an emergency motion for support Mother filed on November 25, 2008, and ordered that the start date for Father's support obligation would be December 1, 2008. Mother argues that the court erred in its date selection

because she filed a motion for child support on October 30, 2007, followed later by the emergency motion. Accordingly, Mother argues that the trial court erred by not selecting October 30, 2007, as the effective date for Father's child support obligation.

{¶12} The record reflects that the motion Mother filed on October 30, 2007, was captioned as a motion to reallocate parental rights, to terminate shared parenting, and to set support. The motion specifically requested that the trial court issue an order setting forth Father's child support obligation. Although Mother also later filed a motion for child support on November 25, 2008, that motion was an emergency filing for support as the trial court had yet to act upon Mother's October 2007 filing. The trial court, in granting Mother's motion for child support, should have selected October 30, 2007, as the date Father's obligation would commence. *Id. Accord Jurewicz v. Rice*, 9th Dist. No. 3190-M, 2001 WL 1421855, *1 (Nov. 14, 2001). Mother's argument as to the effective date of Father's child support obligation has merit.

{¶13} Mother further argues that the trial court erred in its calculation of expenses because there was a greater balance due and owing to her. We address the issue of expenses in Father's fourth and fifth assignments of error. As set forth in our discussion of Father's argument, this matter must be remanded for the trial court to properly calculate the expenses at issue here. Mother's third assignment of error is sustained to the extent it challenges the effective date of Father's child support obligation.

Father's Assignment of Error Number Four

THE TRIAL COURT ABUSED ITS DISCRETION IN ITS DECISION REQUIRING THE DEFENDANT-APPELLEE TO SHARE IN EXPENSES RELATED TO THE MINOR CHILDREN BECAUSE THE MATTER WAS NEVER PRESENTED TO THE COURT BY A MOTION FILED BY THE PLAINTIFF-APPELLANT DESPITE THE OBJECTIONS OF THE DEFENDANT-APPELLEE THEREBY DENYING THE DEFENDANT-

APPELLEE THE OPPORTUNITY TO PREPARE AND PARTICIPATE IN DISCOVERY CONCERNING THESE MATTERS.

<u>Father's Assignment of Error Number Five</u>

THE TRIAL COURT ABUSED ITS DISCRETION IN ITS DECISION REQUIRING THE DEFENDANT-APPELLEE TO SHARE IN EXPENSES RELATED TO THE MINOR CHILDREN FOR THE FOLLOWING REASONS: A) THE SHARED PARENTING PLAN REQUIRED PRIOR CONSENT AND IT WAS ACKNOWLEDGED THAT CONSENT WAS NOT HAD, B) THE PRIOR COURT ORDERS HAD NO CHILD SUPPORT IN EXCHANGE FOR A SHARING OF EXPENSES AND THEREBY WHEN THE COURT ORDERED CHILD SUPPORT IT SHOULD NOT HAVE ALSO ORDERED THE EXPENSES SHARED THUS CAUSING THE DEFENDANT-APPELLEE TO PAY TWICE, C) THE PLAINTIFF-APPELLANT SUBMITTED A SUMMARY OF CHARGES PREPARED BY HER BUT THE SUMMARY WAS NOT BACKED BY INVOICES, BILLS, PROOF OF PAYMENTS OR ANY SUCH ITEMS AND THEREBY THERE WAS NO LEGALLY SUFFICIENT PROOF OF THE BILLS OR PAYMENTS, AND D) THE COURT FOUND THAT THERE HAD NEVER BEEN A PRESENTMENT OF ANY BILLS BY THE PLAINTIFF TO THE DEFENDANT.

{¶14} In his fourth and fifth assignments of error, Father argues that the trial court erred by ordering him to pay various expenses. He argues that Mother never sought payment for the expenses by way of motion, the expenses sought were egregious and undocumented, and Mother failed to obtain his prior approval for expenses. Father also argues that the trial court erred by not offsetting any expenses for which he was responsible against his child support obligation.

{¶15} The interpretation of a separation agreement is a matter of law, which this Court reviews de novo. *Turner v. Turner*, 9th Dist. No. 07CA009187, 2008-Ohio-2601, ¶ 13-14. Yet, challenges to the factual findings of a trial court, specifically challenges to the amount of money one party in a divorce owes to the other, sound in weight and will be reviewed under a civil manifest weight standard. *Shih v. Byron*, 9th Dist. No. 25319, 2011-Ohio-2766, ¶ 33. Consequently, this Court will affirm the trial court's factual findings if they are based on competent, credible evidence. *Oberlin v. Oberlin*, 9th Dist. No. 25864, 2011-Ohio-6245, ¶ 7.

{¶16} First, Father argues that the trial court could not award Mother any expenses because she never filed a motion. Father relies upon Civ.R. 7. *See* Civ.R. 7(B)(1) (setting forth the general requirement that motions be in writing). That rule, however, also permits oral motions. *Id.* Mother asserts that she made an oral motion, and Father does not rebut that assertion. Further, Mother's trial brief indicated that Father owed Mother over $15,000 for unpaid expenses. Mother filed her trial brief seven months before the hearings in this matter. Mother also raised the issue of expenses at the first of the three hearings that took place. Father had the opportunity to respond to Mother's demand for the payment of expenses, as he was aware of it several months before the hearings and the hearings themselves took place over the course of four months. Moreover, the separation agreement provides that the parties agreed to equally share certain expenses. By demanding the payment of expenses, Mother only sought compliance with the separation agreement, not a new request for relief that Father had no reason to anticipate. Given all of the foregoing, Father's argument that the trial court could not award expenses in the absence of a written motion from Mother lacks merit. Father's fourth assignment of error is overruled on that basis.

{¶17} Second, Father argues that the trial court erred by awarding any expenses because Mother's proof of the expenses was inadequate. He argues, absent any authority, that Mother could not prove the expenses at issue through her own testimony and exhibits. Mother's exhibits consisted of self-generated summaries of the amounts she spent on specific items. Father argues, again without any support, that the court erred by not requiring Mother to produce "back up documentation" for all of the expenses she sought. While the trial court could have rejected Mother's claimed expenses on the basis that she did not produce independent documentation of them, *see, e.g., Huelskamp v. Huelskamp*, 185 Ohio App.3d 611, 2009-Ohio-6864, ¶ 43 (3d

Dist.), Husband has not shown that the trial court was required to do so. *See Irish v. Irish*, 9th Dist. No. 10CA009810, 2011-Ohio-3111, ¶ 30-31. Father did not provide any evidence to rebut Mother's testimony on any particular expense. *Hartman v. Hartman*, 9th Dist. No. 22303, 2005-Ohio-4663, ¶ 18. Moreover, Father relied upon his own testimony at trial to prove the expenses for which he sought reimbursement, such as the expenses related to the Bat Mitzvah the parties held for their eldest daughter. Father has not demonstrated on appeal that the trial court could not rely upon Mother's testimony and exhibits to determine the amount of the expenses at issue here. App.R. 16(A)(7). As such, we reject his argument that Mother's proof of the expenses she sought was per se inadequate.

{¶18} Third, Father challenges the amount of expenses that the trial court ordered him to pay. After the hearing dates in this matter, both Father and Mother submitted proposed resolutions of the pending issues before the court. In Mother's proposed resolution, she proposed that Father pay her $23,000 for unreimbursed expenses of the children. In Father's proposed resolution, he proposed that Mother pay him $21,885. The court's judgment entry provides, in relevant part, as follows:

> Mother accuses Father of failure to support the children and claims Father owes Mother the sum of $23,000 for expenses of the children. Father argues that Mother owes $21,885 to him for expenses he paid that were Mother's obligation.
>
> * * *
>
> Mother owes Father the sum of $21,885. And Father owes Mother the sum of $23,000. Father should pay Mother the sum of $1,115.

The trial court's judgment entry does not contain an individual breakdown of expenses. Further, no one testified to the ultimate amount of the expenses each party proposed or to individual expenses that would total those amounts and none of the exhibits that are a part of the record

support the particular amounts the trial court ordered. It appears that the trial court simply adopted the amounts the parties requested in their respective proposals.

{¶19} The record reflects that Father and Mother took it upon themselves to adjust the payments for which they were each responsible after disagreements arose. For instance, both were responsible for splitting expenses for the extracurricular activities of their daughters, they agreed to share the cost of their eldest daughter's Bat Mitzvah, and Mother was responsible for making student loan payments on a loan for which the parties were jointly responsible. When a dispute arose over the Bat Mitzvah expenses, however, Mother began to reduce the amount of student loan payments she submitted in order to offset the amount she believed Father owed her for the Bat Mitzvah. Father was forced to contribute more to the loan payment as a result. Due to financial difficulties that arose for Mother, he also took responsibility for many of the costs that arose in this matter, such as the fees for the guardian ad litem, the mediation attempts, and the attorney appointed for the children. Eventually, Father stopped paying the expenses Mother sought for the children's activities because she had stopped paying expenses he believed that she owed. The record contains numerous accountings the parties emailed to each other and exchanged over a three-year period designating the amounts of money they believed the other parent owed.

{¶20} Father argues that the trial court erred by concluding that he owed Mother $23,000 in expenses because Mother failed to seek his prior approval for many of the expenses. The separation agreement provides that the parties will equally share in the expenses for their children's extracurricular activities, "provided that the parties are in agreement concerning these extracurricular activities." Father testified that Mother did not seek his prior approval for various expenses that she later demanded he reimburse. The trial court apparently agreed with Father's

argument because one of the factual findings in the trial court's judgment entry is as follows: "The Shared Parenting Plan called for the parties to share certain expenses equally if there was agreement. Mother never sought agreement but continued to incur expenses and sought payment from Father." Nevertheless, the trial court then calculated the parties' respective obligations using the full $23,000 amount Mother set forth in her proposed resolution. The trial court did not deduct from that amount any expenses that Mother sought in contravention of the separation agreement or explain why it was not deducting those expenses. The trial court's conclusions of law are, therefore, in conflict with its factual findings on this point. Moreover, this Court cannot remedy the error because it is impossible to discern from the judgment entry or the record the individual expenses for which Mother failed to obtain Father's prior approval in conformance with the separation agreement. The matter must be remanded for the trial court to determine the proper calculation of the expenses here.

{¶21} Finally, Father argues that it was error for the court to order him to pay both expenses and retroactive child support. Father insists that, once the court ordered full child support, it should have deducted extracurricular activity expenses from his retroactive support obligation so that he would not be paying doubly. We agree.

{¶22} "The purpose of child support is to meet the needs of the minor children." *Irish*, 2011-Ohio-3111, at ¶ 13, citing *Carnes v. Kemp*, 104 Ohio St.3d 629, 2004-Ohio-7107, ¶ 10. Mother sought child support in October 2007 because Father was not paying either child support or the children's expenses. Accordingly, Mother had to pay all of the children's expenses herself despite Father's obligation, by way of the separation agreement, to pay half of the expenses. Mother admits on appeal that she only asked the court "to either make child support retroactive to the date of her filing of the Motion for child support in October of 2007, *or* require [Father] to

pay his 50% of the expenses incurred during this time period[.]" (Emphasis added.) The trial court chose to order child support retroactively, but also held Father responsible for half the expenses. In doing so, the court did not determine that, to meet the needs of the children, it was necessary for Father to pay both full support and the expenses. Because there is no indication that it was necessary for Father to pay both full support and expenses, the trial court did not justify that result, and Mother does not request such relief, we agree with Father's assertion that his obligation to pay child support should be offset by any expenses for which Father was responsible during the same period. *See Jones v. Jones*, 4th Dist. No. 07CA25, 2008-Ohio-2476, ¶ 26-28; *Waldron v. Waldron*, 9th Dist. No. 2729, 1992 WL 354513, *3 (Nov. 18, 1992). Accordingly, once the trial court determines the individual expenses for which the parties are responsible upon remand, Father is entitled to a set off. The expenses shall be deducted from his retroactive obligation to pay full child support starting October 30, 2007.

{¶23} Father's fifth assignment of error is sustained, in part, for the reasons set forth above.

Father's Assignment of Error Number Six

THE TRIAL COURT COMPUTED CHILD SUPPORT IN AN ERRONEOUS MANNER AS IT FAILED TO CONSIDER THE ONLY EVIDENCE SUBMITTED OF THE PLAINTIFF-APPELLEE'S INCOME AND UTILIZED A NUMBER THAT HAD NO BASIS IN EVIDENTIARY PRESENTMENT.

{¶24} In his sixth assignment of error, Father argues that the trial court erred in its child support calculation because the court relied upon the wrong income numbers. Father argues that the only testimony at trial was that his income was $61,800 per year and Mother's income was $65,441.66 per year.

{¶25} The trial court determined that, for purposes of child support, Father's income was $61,820 and Mother's income was $52,280. It is unclear how the trial court reached the

figure for Father's annual income. Father testified at trial that his annual income in 2008 was approximately $61,800, and the W-2 he introduced in support of his testimony lists a gross annual income of $61,799.92. Father testified that he had not experienced any change in income since 2008. Accordingly, the evidence in the record does not match the $61,820 figure the trial court selected for Father's annual income.

{¶26} As for Mother, she testified that her annual income for 2008 was $65,401.56 and introduced a 1099 in support of her testimony. The 1099 exhibit is a copy of the original and very difficult to read, but the income figure listed therein appears to be either $65,401.56 or $65,441.66. Mother testified that she did not know how much she earned in 2009. She merely stated that it was less than her 2008 income. The figure that the trial court used as Mother's gross annual income, $52,280, appears once on an affidavit of income and expenses that Mother submitted in October 2007. Mother listed her gross yearly income in that affidavit as $67,784.07, but also listed her gross self-employment income as $52,280. It appears that the trial court used the gross self-employment figure to calculate Mother's annual gross income on the child support sheet despite the sheet's instruction to exclude self-employment income.

{¶27} Because the record reflects that the trial court based Father's child support calculation upon erroneous income figures, Father's argument has merit. The matter must be remanded for the trial court to recalculate Father's obligation using the correct income figures for both parties. Father's sixth assignment of error is sustained.

III

{¶28} Mother's third assignment of error and Father's sixth assignment of error are sustained. Father's fifth assignment of error is sustained, in part. We need not reach the merits of Mother's first and second assignments of error as Mother has abandoned those assignments of

error on appeal. Father's remaining assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
BETH WHITMORE
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR.

APPEARANCES:

CHRISTINE D. FINAN, Attorney at Law, for Appellant/Cross-Appellee.

RICHARD J. MARCO, JR., Attorney at Law, for Appellee/Cross-Appellant.