[Cite as *Bencin v. Bencin*, 2016-Ohio-54.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

CATHLEEN BENCIN

    Appellant

    v.

THOMAS P. BENCIN

    Appellee

C.A. No.     14CA0063-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    09-DR-0085

DECISION AND JOURNAL ENTRY

Dated: January 11, 2016

CARR, Presiding Judge.

{¶1} Appellant Cathleen Bencin ("Wife") appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2} Wife filed a complaint for divorce from Thomas Bencin ("Husband") in 2009. The matter proceeded to trial for a couple days after which the parties entered into a settlement agreement on the record. The parties' settlement addressed the division of property and child custody pursuant to a shared parenting plan. The domestic relations court subsequently addressed child support issues in a separate judgment entry after the parties briefed the issue. Prior to the issuance of either judgment entry, Wife moved to rescind the settlement agreement and reset the matter of the divorce for a full hearing. After the trial court issued the divorce decree and child support judgment entries, Wife filed a motion to vacate pursuant to Civ.R. 60(B). She also filed a notice of appeal in this Court. We remanded the matter to the domestic

relations court to dispose of Wife's Civ.R. 60(B) motion. The trial court denied the motion. Wife filed a second notice of appeal as to that ruling, and this Court consolidated the appeals for determination. After reviewing the record, this Court dismissed both of Wife's appeals for lack of jurisdiction because the divorce decree failed to dispose of certain marital property, to wit: a pre-marital promissory note, property in a storage unit, and Husband's life insurance policy or the loan against it. *Bencin v. Bencin*, 9th Dist. Medina Nos. 10CA0097-M, 11CA0113-M, 2012-Ohio-4197.

{¶3} After this Court dismissed Wife's appeals for lack of a final appealable order, Wife filed another motion to vacate the trial court's judgment pursuant to Civ.R. 60(B), or in the alternative a motion for a new trial. Wife also moved to terminate or modify the shared parenting plan. Husband opposed Wife's motion to vacate, arguing that the trial court should modify the prior judgment pursuant to Civ.R. 60(A) to correct the omissions in the parties' in-court settlement agreement which necessarily disposed of all property. He further opposed Wife's motion to terminate or modify the shared parenting plan.

{¶4} The trial court held a hearing and noted the pendency of 26 motions, but informed the parties that it would only be considering Wife's motion to vacate/motion for a new trial that day. The domestic relations court subsequently issued a judgment entry denying Wife's motions and disposing of the property not previously disposed by the parties' agreement, as well as all other tangible and intangible property not otherwise specifically identified by the parties in their agreement. The trial court effected the disposition of property by way of a corrective entry pursuant to Civ.R. 60(A), as requested by Husband. Wife filed a timely appeal in which she raises six assignments of error for review. This Court consolidates some assignments of error to facilitate review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING THE RULE 60(B) MOTION OF THE APPELLANT AND RENDERING A RULING PURSUANT TO RULE 60(A) WHICH IS BEYOND THE SCOPE OF OHIO CIVIL RULE 60(A).

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DISPOSING OF MARITAL PROPERTY NOT PREVIOUSLY DISPOSED OF WITHOUT AN EVIDENTIARY HEARING ON THE MERITS.

### ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED IN DENYING [WIFE'S] MOTIONS FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B).

{¶5} Wife consolidates her first and second assignments of error for discussion as "they are intertwined." This Court contemporaneously considers the sixth assignment of error as it implicates similar issues.

{¶6} Wife argues that the trial court erred by denying her motions to vacate the judgment decree of divorce pursuant to Civ.R. 60(B) and by entering judgment after disposing of all marital property without further hearing. This Court disagrees.

{¶7} A motion for relief from judgment filed pursuant to Civ.R. 60 only lies where the trial court has issued a final judgment. *DaimlerChrysler Fin. Servs. N. Am. LLC v. Hursell Unlimited, Inc.*, 9th Dist. Summit No. 24815, 2011-Ohio-571, ¶ 12. Where a party moves to vacate a judgment which is not final, the trial court may not properly grant Civ.R. 60 relief. *Id.* In this case, Wife filed both of her motions to vacate the judgment pursuant to Civ.R. 60(B) before the trial court had rendered a final judgment. Accordingly, neither motion to vacate was properly before the trial court, and the trial court did not err by denying both motions.

{¶8}    In the absence of a final judgment, a trial court's order remains interlocutory and subject to reconsideration. *See Dunkle v. Children's Hosp. Med. Ctr. of Akron*, 9th Dist. Summit No. 26612, 2013-Ohio-5555, ¶ 34.   Accordingly, until the domestic relations court has fully disposed of all marital property, the judgment entry of divorce is not final and is necessarily subject to modification or reconsideration. *See* Civ.R. 75(F).   In this case, the domestic relations court modified its prior nonfinal order by disposing of specific marital property that had not been addressed, as well as all other tangible and intangible property of the parties.   It thereby issued the final decree of divorce.   Although it erred by invoking Civ.R. 60(A), a mechanism applicable solely to correct final judgments, in rendering the final decree, any error was harmless. *See* Civ.R. 61.

{¶9}    To the extent that Wife argues that the trial court erred by disposing of previously undisposed marital property without a hearing, her argument must fail.   The parties entered into a settlement agreement, disposing of all marital assets with the exception of a pre-marital promissory note, property in a storage unit (including a scooter, all-terrain vehicle, and lawn care items), and life insurance policies. *See Bencin*, 2012-Ohio-4197.   With the exception of the disposition of these specific items, Wife has forfeited any asserted error regarding the disposition of all other property. *Berlovan v. Berlovan*, 9th Dist. Medina No. 13CA0052-M, 2015-Ohio-1245, ¶ 5 ("[I]t is axiomatic that a party cannot urge the court to adopt an agreed judgment entry and then claim on appeal that the trial court erred by taking the requested action.").

{¶10}  As to the trial court's disposition of the property which had not previously been disposed, Wife is incorrect in her assertion that the domestic relations court had not conducted an evidentiary hearing prior to issuing its order.   The domestic relations court heard two days' worth of testimony and reviewed documentary evidence prior to the parties' entering into their

settlement agreement. During the hearing, Wife testified regarding the pre-marital promissory note and the items in the storage unit. Moreover, the parties entered into various stipulations prior to the hearing, including a stipulation regarding the life insurance policies. Accordingly, the trial court did not modify the prior interlocutory order and dispose of marital property in the absence of an evidentiary hearing.

{¶11} Wife's first, second, and sixth assignments of error are overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY BASING ITS DECISION ON A REMAND
OF THE COURT OF APPEALS WHEN A REMAND DID NOT OCCUR.

{¶12} Wife argues that the domestic relations court erred by entering a judgment decree of divorce based on a misunderstanding that the matter had been remanded by this Court. Wife's argument is not well taken.

{¶13} As Wife correctly notes, this Court dismissed her prior two appeals for lack of jurisdiction, as the domestic relations court had not issued a final decree of divorce. *Bencin*, 2012-Ohio-4197. Although the domestic relations court was divested of jurisdiction to act except in aid of the appeal once Wife filed her notice of appeal, *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶ 9, the lower court regained jurisdiction upon dismissal of Wife's appeals. *See State ex rel. Newton v. Court of Claims*, 73 Ohio St.3d 553, 558 (1995). Accordingly, there was no remand to the domestic relations court; rather, the lower court regained jurisdiction by operation of law. Even so, Wife has not argued or demonstrated how she might have been prejudiced by the trial court's actions it believed were required on "remand" when the trial court regained jurisdiction to modify its prior interlocutory order and finalize the parties' divorce. Wife's third assignment of error is overruled.

**ASSIGNMENT OF ERROR IV**

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY CONCLUDING THAT THE SETTLEMENT AGREEMENT REACHED IN COURT AND READ INTO THE RECORD, CONSTITUTED A VALID AND ENFORCEABLE CONTRACT WHERE THERE WAS FRAUD AND MISREPRESENTATION, DURESS, UNDISCLOSED ASSETS, INCOMPLETE TERMS, ASSETS NOT INCLUDED IN THE AGREEMENT, AND FAILURE TO ADDRESS ALL ISSUES, ALL OF WHICH ROSE TO THE LEVEL OF BEING UNCONSCIONABLE.

**{¶14}** Wife argues that the parties' settlement agreement is invalid because it is unconscionable, based on fraud and misrepresentation, and was executed under duress. Wife's argument is not well taken.

**{¶15}** To the extent that Wife believes that the settlement agreement is not valid as having been based on fraud, misrepresentation, unconscionability, and having arisen out of duress, "the appropriate mechanism for relief would be a motion to vacate pursuant to Civ.R. 60(B)." *Berlovan*, 2015-Ohio-1245, at ¶ 6. Wife's prior motions to vacate were improper as no final judgment had yet been entered by the trial court. The domestic relations court has since rendered a final judgment decree of divorce. However, this Court will not decide these matters in the first instance. Wife's fourth assignment of error is overruled.

**ASSIGNMENT OF ERROR V**

THE TRIAL COURT ERRED BY MERGING ALL TEMPORARY ORDERS INTO A FINAL DECREE WITHOUT HOLDING A HEARING ON [WIFE'S] MOTION TO SHOW CAUSE AGAINST [HUSBAND] FOR FAILING TO ABIDE BY THE TEMPORARY SUPPORT ORDER, WHICH MOTION WAS FILED PRIOR TO THE FINAL JUDGMENT[.]

**{¶16}** Wife argues that the domestic relations court erred by merging all temporary orders into the final decree and by failing to rule on her motion to show cause filed prior to the issuance of the final decree. This Court disagrees.

**{¶17}** "In circumstances where the trial court fails to expressly rule on a motion prior to entering judgment, this Court presumes on appeal that the pending motion was implicitly denied." *Rothschild v. Eckstein*, 9th Dist. Lorain No. 09CA009733, 2010-Ohio-4285, ¶ 19. In addition, in domestic relations actions, all temporary or interlocutory orders merge within the final decree. *Cotter v. Cotter*, 9th Dist. Summit No. 25656, 2011-Ohio-5629, ¶ 10. This Court concludes that the trial court implicitly denied Wife's show cause motion, that all temporary orders merged into the final decree by operation of law, and that, particularly in light of the parties' settlement agreement, Wife has not demonstrated that she lacked the opportunity to remedy any loss she believed she suffered. Wife's fifth assignment of error is overruled.

III.

**{¶18}** Wife's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

JOAN JACOBS THOMAS, Attorney at Law, for Appellant.

JOYCE E. BARRETT and JAMES REDDY, Attorneys at Law, for Appellee.